UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JUSTIN SIMMONS,

                     Petitioner,                18 CV 843 (CM)

-against-                                     10 CR 391-47 (CM)

UNITED STATES OF AMERICA,

                     Respondent.

------------------------------------------------------------x

ORDER APOINTING COUNSEL AND SCHEDULING DEADLINE FOR SUPPLEMENTAL
FILINGS ON PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

McMahon, C.J.:

On September 13, 2011, indictment S7 10 Cr. 391 (CM) was unsealed, charging Simmons in eight counts (and a variety of other defendants in various counts). Simmons was charged with: (1) participating in a racketeering enterprise, in violation of 18 U.S.C. §§ 1961 and 1962(c) (Count One); (2) participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); (3) participating in a conspiracy to commit murder Tyrik Legette in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Five); (4) murdering Tyrik Legette in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count Six); (5) assaulting Jonathan Maldonado in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 (Count Fifteen); (6) participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 846 (Count Seventeen); (7) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crack-cocaine distribution conspiracy, which firearms were discharged, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Twenty-Four); and (8) using and carrying a firearm

during and in relation to, and possessing a firearm in furtherance of, the assault in aid of racketeering charged in Count Fifteen, which firearm was discharged, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Count Twenty-Nine).

On June 17, 2013, a jury found Simmons guilty on Counts Two (RICO conspiracy), Eleven (narcotics conspiracy involving at least 280 grams of crack), and Thirteen and Seventeen (use of firearms in furtherance of the narcotics conspiracy and in furtherance of the RICO counts), and not guilty on Counts One (RICO), Five and Six (conspiracy to murder and murder), and Eleven and Sixteen (assault and related use of a firearm).

On March 18, 2014, this Court sentenced Simmons to the mandatory minimum of 50 years' imprisonment, to be followed by 10 years' supervised release, a $10,000 fine, and a mandatory $400 special assessment.

Before the Court is petitioner Simmons *pro se* motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Simmons makes multiple arguments, most of which have to do with Count Seventeen. Indeed, Simmons supplemented his original motion, with the permission of the Court, to assert that Count Seventeen—which is predicated on a racketeering conspiracy as a crime of violence—should be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that Section 924(c)'s so-called "risk-of-force clause," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. (Docket Entries 1825, 1844).

The Government filed a response consenting "to a vacatur of Count Seventeen, in light of *Davis* and *United States v. Barrett*, 937 F.3d 126, 127–28 (2d Cir. 2019), and a resentencing on Simmons's remaining counts of conviction." It is the Government's position that

Simmons' arguments as they relate to the remaining counts of conviction are either substantively meritless or, in one case, procedurally barred.

Obviously, the Court is going to vacate Simmons' conviction on Count Seventeen. Since Simmons will need counsel to represent him at his resentencing, the prudent course of action is to grant Simmons' request to assign counsel to represent him in connection with the remainder of his motion.

Accordingly, the Court appoints attorney, Lorraine Gauli-Rufo, from the CJA panel, to represent Simmons in connection with his § 2255 motion. Counsel should review Simmons' filings and the Government's response, speak with Simmons, and report back to the Court within 30 days on how counsel wishes to proceed. If counsel decides she will be supplementing Simmons' *pro se* motion, counsel's papers must be filed within 60 days; the Government will have 30 days thereafter to file a response.

This constitutes the order of the Court.[1]

Dated: February 25, 2021

_____
Colleen McMahon
Chief District Court Judge

---

[1] Nothing in this order shall be construed as a ruling by the Court on the merits, timeliness or otherwise procedural correctness of petitioner's filings.