UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————x

UNITED STATES OF AMERICA,

      -against-                                10 CR 391-47 (CM)

JUSTIN SIMMONS,

                       Defendant.
————————————————————————————x

## DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

Eight years ago, Justin Simmons stood before this Court for sentencing after having been convicted by a jury of racketeering conspiracy, conspiracy to distribute drugs, and two firearm offenses related to the racketeering and distribution conspiracies. Although Simmons was acquitted of various other counts involving gang related violence, the counts of conviction still carried a statutory mandatory minimum sentence of 50 years' in prison—the sentence the Court dutifully imposed.

However, the Court would have occasion to revisit Simmons' sentence after it granted his motion to vacate one of his two firearms convictions, pursuant to habeas petition, filed in light of *United States v. Davis,* 139 S. Ct. 2319 (2019). The vacatur and dismissal of the one firearm count—together with the Government's agreement to withdraw its prior felony information—reduced the applicable statutory mandatory minimum sentence to 15 years. The Court once again sentence Simmons to the statutory mandatory minimum—this time, 15 years in prison.

Justin Simmons is currently serving his sentence at United States Penitentiary Coleman

II.  He is scheduled to be released May 13, 2024.

Before the Court is Simmons' motion for compassionate release, filed pursuant to 18 § U.S.C. § 3582(c)(1)(A). Simmons argues that his release is warranted based on "(1) his extraordinary rehabilitation; (2) the unusual disposition of his conviction following trial in this matter; and (3) compelling family issues that require his presence at home." (Simmons' Motion, Dkt. No.1999). "These factors, in their totality, present extraordinary and compelling reasons for the Court to reduce Mr. Simmons' sentence to time served." *Id.* "The factors of 18 USC § 3553(a) also support the reduction of his sentence to time served." *Id.*

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing

"extraordinary and compelling circumstances" warranting release.[1] In the past, this Court—and

many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13

(the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. §

3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling

circumstances."[2] That changed on September 25, 2020, when the United States Court of Appeals

for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in

the district court. *United States v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir.

Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13—language that has

not been updated since the passing of the First Step Act—addressed only sentencing reduction

motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not

constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second

Circuit declared unequivocally that "district courts have discretion to consider the full slate of

---

[1] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g., United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

[2] The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons" exist. *See* § 1B1.13 comment (n.1). For example, the medical circumstances ground reads as follows:

(A)   Medical Condition of the Defendant.—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia

    (ii)   The defendant is—

        (I)   suffering from a serious physical or medical condition,

        (II)   suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 comment (n.1).

extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

## Simmons Exhausted his Administrative Remedies in the Bureau of Prisons

On April 19, 2021, a letter requesting compassionate release was submitted to the Warden of Coleman II, US Penitentiary, the federal facility where Mr. Simmons was designated. (Defendant Exhibit A, Letter to Warden). The letter to the Warden was sent *via* US mail and email, and was acknowledged received by the prison, and forwarded to the Warden on April 20, 2021.  (Defendant Exhibit B, Email from Coleman II, dated April 20, 2021). Thus, more than 30 days have passed since the letter was forwarded to the Warden. Accordingly, Simmons has exhausted his administrative remedies, and the present motion for compassionate release is properly before the Court.

## The Motion Before the District Court

There is nothing in Simmons motion that I was not aware of when I resentenced him earlier this year to 15 years.'  In formulating defendant's sentence, the Court acknowledged that Simmons had demonstrated that he had made extraordinary strides in rehabilitating himself, as evidenced by his participation in numerous BOP self-improvement and educational

courses, his attaining cooking certifications, and—perhaps most extraordinarily—denouncing his gang affiliation soon after his incarceration. I understood that it was Mr. Simmons' desire to get out of prison as soon as possible so that he could support his family; most particularly, to provide good counsel to his teenage son, who appears at risk of heading down the same wrong path as the father. And the Court considered—as it does for all defendants who stand before the Court for sentencing during these COVID times—that Simmons had endured harsh conditions of confinement as a collateral consequence of measures taken by BOP to combat the pandemic.

When I sentenced Simmons to 15 years last March, the calculus involved more than a rote application of the mandatory minimum, but rather, a considered determination that it was the right amount of time given the circumstances of the offense, and the personal characteristics of the changed person standing before me:

> I have reviewed everything in this case. I went back and I read the old sentencing notes, and all the decisions, and the habeas decision, and the presentence report the first time around, and the modified presentence report, and the memoranda that had been provided both by the U.S. Attorney's office and by defense counsel, and all of the exhibits thereto, and I have considered all of the 3553(a) sentencing factors and I conclude that had Ms. Gauli-Rufo been correct and had Mr. Simmons appeared before me today, given his criminal history I might not have given him the mandatory minimum of 15, I might have given him 18 or 20 years, I would not have given him 40. And given what you have made of yourself in prison, I think that the mandatory minimum sentence is the appropriate sentence for who you are today.

Sentencing Transcript at 29.

Simmons will be released sometime late next year to the BOP community supervision program, which will entail living in either a halfway house, or—the more likely in Mr. Simmons' case—a private residence acceptable to the BOP;

perhaps with his girlfriend in Kingston, New York, or even better, with his mom in Georgia—far, far away from Newburgh New York.

The motion for compassionate release is denied.

Dated:  October 27, 2022

Colleen McMahon
District Court Judge